IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| QADEERA SHABAZZ | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| | )   **CIVIL ACTION** |
| v. | ) |
| | )   **FILE NO.** |
| BURLINGTON COAT | ) |
| FACTORY WAREHOUSE | ) |
| CORPORATION, a Delaware | ) |
| corporation, | ) |
| | ) |
|    Defendant. | ) |
| | )   **JURY TRIAL DEMANDED** |
| _____ | ) |

## COMPLAINT

Plaintiff Qadeera Shabazz brings this suit—demanding trial by jury—under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to recover unpaid overtime compensation, liquidated damages, and her attorneys' fees and costs from Defendant Burlington Coat Factory Warehouse Corporation, alleging as follows:

## OVERVIEW

1. Defendant Burlington Coat Factory Warehouse Corporation has failed to pay the named plaintiff and others federally mandated overtime in

violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, et seq.

## JURISDICTION AND VENUE

2. The claims herein present federal questions, and jurisdiction of this Court is predicated under 28 U.S.C. § 1331, and FLSA, 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391. The cause of action arose in Gwinnett County in the Northern District of Georgia.

## PARTIES

4. Plaintiff Qadeera Shabazz ("Plaintiff Shabazz" or Ms. Shabazz") is a resident of the Northern District of Georgia and a citizen of the State of Georgia. Ms. Shabazz was an employee of Burlington Coat Factory Warehouse Corporation from September 1997 to November 2011 and is entitled to the protections of the FLSA under 20 U.S.C. § 203(e).

5. Burlington Coat Factory Warehouse Corporation ("Defendant" or "Burlington") is a Delaware corporation and process may be served upon its registered agent, CT Corporation, at 1201 Peachtree Street, N.W., Atlanta, Georgia 30361. Throughout Ms. Shabazz's employment, Burlington was at all times an employer engaged in commerce and therefore subject to FLSA under 29 U.S.C. § 203(b),(d). This court has personal jurisdiction over Burlington.

6. Burlington has violated the provisions of §§ 7 and 15(a)(2) of the FLSA [29 U.S.C. §§ 207 and 215(a)(2)] by employing employees engaged in commerce for work weeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than 1½ times the regular rates at which they were employed.

7. Burlington's violations of FLSA were willful and without justification or excuse under 29 U.S.C. § 201, et seq. Based on these willful violations, Ms. Shabazz seeks three years of unpaid compensation as well as liquidated damages and her attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

8. Ms. Shabazz was a full-time hourly employee of Burlington from September 1997 until May 2003 at Burlington's Greenbriar Mall store located at 2841 Greenbriar Parkway S.W., Atlanta, Georgia 30331. She was employed as a "manager" from May 2003 until her involuntarily termination on November 14, 2011, at Burlington's Southlake store located at 1516 Southlake Parkway, Morrow, Georgia 30260.

9. Ms. Shabazz's job title was a customer service logistics and operations manager. However, her duties and responsibilities were largely the

same as an hourly associate, including receiving and processing freight, organizing and cleaning the sales floor, and operating the cash registers.

10. Burlington compensated Ms. Shabazz based on a biweekly "salary" of $1197.23 or approximately $20.29 per hour for a 45-hour workweek that included a one-hour lunch break each day.

11. However, Ms. Shabazz rarely was able to take her lunch break because she was required to work the sales floor as a floating associate in various departments of Burlington. For instance, Ms. Shabazz could not take her lunch break if there were not enough cashiers scheduled to assist customers.

12. During the three years preceding the date of this Complaint (the "relevant period"), Ms. Shabazz estimates she worked in excess of 600 hours of uncompensated overtime.

13. During the relevant period, Ms. Shabazz regularly worked in excess of 40 hours in a workweek ("overtime hours") and her duties were not exempt employee duties, yet she was not compensated for the work in excess of 40 hours at a rate not less than 1½ times the regular rate she was paid.

14. The Defendant regularly and intentionally required Ms. Shabazz to work extended hours, including working through lunch and staying later than her scheduled shift to complete projects such processing freight, cleaning, and/or

organizing merchandise at peak hours on the weekends and holidays. Ms. Shabazz regularly worked an average of 5 hours beyond her scheduled 9-hour shift to complete projects, and was not compensated for these additional hours of work.

15. Defendant's conduct in not complying with FLSA was willful. There was no basis for Defendant to classify Ms. Shabazz as an exempt employee pursuant to 29 U.S.C. § 213(a)(1).

16. Defendant misclassified Ms. Shabazz as a "non-exempt" employee with the knowledge she would perform the same job functions as hourly workers to ensure sales quotas were met. As a so-called "manager," Ms. Shabazz performed identical tasks to those of the sales floor associates who were compensated for overtime.

17. Ms. Shabazz is owed at least 680 hours of uncompensated overtime pay. Based on her reconstruction of her work weeks from Defendant's weekly schedules, Ms. Shabazz is owed 230 hours for 2009, 230 hours for 2010, and 220 hours for 2011.

## COUNT I: FAILURE TO COMPENSATE FOR OVERTIME HOURS IN VIOLATION OF FLSA

18. Plaintiff Shabazz incorporates by reference paragraphs 1-17 of this Complaint as if set forth fully here.

19. Ms. Shabazz brings this action to recover overtime compensation under 29 U.S.C. § 216(b).

20. Defendant did not properly compensate Plaintiff Shabazz for overtime hours during the relevant period of her employment with Burlington.

21. Defendant failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff Shabazz for the time period required by law.

22. Defendants acted willfully in failing to pay the overtime compensation required by FLSA to Plaintiff Shabazz.

23. Plaintiff Shabazz is entitled to the recovery of her unpaid overtime compensation for the preceding three years, an equivalent amount in liquidated damages (or prejudgment interest), and her attorneys' fees and costs under 29 U.S.C. § 216(b).

WHEREFORE, Ms. Shabazz demands a TRIAL BY JURY and for the following relief:

(a) An award to her of the overtime pay she is owed;

(b) An award to her of liquidated damages for Burlington's willful violations of FLSA's overtime provisions;

(c) Reasonable attorneys' fees and costs; and

(d) Such other relief as this court finds just and proper.

This 7th day of February, 2012.

                                            Respectfully submitted,

                                            <u>s/Elizabeth Ann Morgan</u>
                                            Elizabeth Ann Morgan
                                            Georgia Bar No. 522206
                                            morgan@morganlawpc.com
                                            Candice D. McKinley
                                            Georgia Bar No. 253892
                                            mckinley@morganlawpc.com
                                            THE MORGAN LAW FIRM P.C.
                                            260 Peachtree Street
                                            Suite 1601
                                            Atlanta, Georgia 30303
                                            Telephone: 404-496-5430
                                            *Counsel for Plaintiff*